James J. Mahon
jmahon@beckerlawyers.com
Phone: (212) 599-3322 Fax: (212) 557-0295



45 Broadway, 17th Floor
New York, New York  10006

November 15, 2019

**VIA ECF**
Hon. P. Kevin Castel, U.S.D.J.
United States Courthouse
Courtroom 11D
500 Pearl Street
New York, New York 10007

Letter of November 15, 2019 deemed a motion to intervene and as such it is GRANTED for the limited purpose stated in the letter.
SO ORDERED.
Dated:  1/8/2020

P. Kevin Castel
United States District Judge

Re:  *United States Securities and Exchange Commission v. Brent Borland, et al.*
<u>S.D.N.Y. Case No. 18-cv-4352(PCK)</u>

Dear Judge Castel:

This firm represents intervenor Emigrant Residential, LLC ("Emigrant"). This pre-motion letter is submitted in accordance with Your Honor's Individual Practice Rule 4.A in support of Emigrant's motion to intervene in the above-captioned case pursuant to Rule 24 of the Federal Rules of Civil Procedure. To Emigrant's knowledge, there is no conference currently scheduled before the Court.

The basis for Emigrant's motion to intervene is as follows. Relief Defendant Alana La Torra-Borland is justly indebted to Emigrant as evidenced by a certain promissory note executed and delivered to Emigrant on July 3, 2008, in the amount of $1,100,000.00, with an adjustable rate of interest (the "Note"). In order to secure payment of the Note, Alana La Torra-Borland and Defendant Brent Borland executed and delivered to Emigrant a real estate mortgage (the "Mortgage") encumbering certain real property situated in Palm Beach County, Florida, described as follows: 1034 Lewis Cove Road, Delray Beach, Florida 33483-6513, the legal description of which is: Lot 63, Delray Beach Shores, according to the plat thereof, as recorded in Plat Book 23, Page 167, of the Public Records of Palm Beach County, Florida. Parcel Identification Number: 12-43-46-21-15-000-0630. The Mortgage was recorded in the Official Records of Palm Beach County, Florida, on July 8, 2008, in Official Record Book 22745 at Page 1358. Emigrant is the holder and/or servicer of the subject Note and Mortgage through an Allonge to the Note, and an Assignment of the Mortgage. The Mortgage of Emigrant is a mortgage being a lien superior in dignity to any subsequent right, title, claim, lien or interest arising out of Alana La Torra-Borland or her predecessors in interest.

There has been a default under the covenants, terms, and agreements of the Loan Modification Agreement, Note and Mortgage in that the payment due December 1, 2018, for the Note described herein, and all subsequent payments, have not yet been paid. Based upon the foregoing, on July 8, 2019, in Palm Beach County, Florida, Emigrant filed its action to foreclose its mortgage (the "Foreclosure Action"). A principal amount of $946,535.41 and the cost of a title

November 15, 2019
Page 2

search for ascertaining the necessary parties to this action, is due and owing. Interest is accruing on the unpaid principal balance of the rate of 16.00% as of April 1, 2019. The delay in selling the property and paying off Emigrant's loan results in a substantial reduction in surplus funds. The loan is currently accruing $409.61 per diem. Also, Emigrant recently paid over $21,000 in flood and hazard insurance and continues to spend money to inspect and maintain the property. All of this spending reduces the potential surplus funds available for creditors and the government.

Based on this Court's Asset Freeze Order, Emigrant's Foreclosure Action is stayed. Emigrant seeks limited relief from the Asset Freeze Order, permitting its Foreclosure Action to go forward and the subject property be sold to the highest bidder. Based upon the expected value of the property, it is likely that there will be surplus funds remaining after Emigrant's debt has been satisfied. Selling the property sooner rather than later will result in a higher surplus and accordingly more funds available for junior lienholder creditors and for the government.

Typically, in accordance with Florida Statutes, surplus funds remain in the Court Registry pending further Order of the Court, in this case, the Palm Beach County Court. A modification of the Asset Freeze Order would permit the property to be sold, Emigrant to be paid from the sale, and any funds remaining with the Clerk of the Palm Beach County Court subject to this Court's modified Asset Freeze Order, freezing said funds pending further Order of this Court.

Emigrant further proposes that this relief would be contingent on (a) the Palm Beach County Court finding that Emigrant's mortgage is a first mortgage; (b) any surplus funds from the sale of the property being deposited in the Palm Beach County Court's Registry pending further Order of this Court; and (c) any Final Judgment of Foreclosure provide that the Palm Beach County Court acknowledges and agrees to said modified Asset Freeze Order.

Should Emigrant's motion to intervene be granted, it plans to seek an Order modifying this Court's Freeze order, [D.E. 12], providing that Emigrant's Foreclosure Action may proceed and said surplus funds, if any, be retained by the Clerk of the Palm Beach County Court pending further Order of this Court. The Securities and Exchange Commission has been consulted and has no objection to this Court providing said relief, subject to the above contingencies.

Emigrant proposes that it have one (1) week to file its motion to intervene; the other parties have one (1) week to file opposition to same, if any; and Emigrant have two (2) days thereafter to file its reply.

We thank the Court for its consideration of this submission.

Very truly yours,

*/s/James J. Mahon*
James J. Mahon

{N0238567 }