UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

UNITED STATES SECURITIES
AND EXCHANGE COMMISSION,

Plaintiff,

v.

BRENT BORLAND, BORLAND CAPITAL
GROUP, LLC, and BELIZE
INFRASTRUCTURE FUND I, LLC,

Defendants, and,

CANYON ACQUISITIONS, LLC and
ALANA LaTORRA BORLAND,

Relief Defendants.
_____/

CASE NO. 18-cv-4352 (PKC)

*The motion (Doc 36) is GRANTED and the Asset Freeze Order modified in accordance with the first sentence of the "Conclusion" of the motion at pp 3-4.*

*SO ORDERED*
*[signature]*
*USDJ*
*9-15-21*

## RECEIVER JONATHAN E. PERLMAN'S MOTION TO MODIFY ASSET FREEZE ORDER

Jonathan E. Perlman, Esq., as court-appointed Receiver (the "Receiver") for receivership entity HalfPay International, LLC ("HalfPay") in a receivership currently pending in the United States District Court for the Southern District of Florida, *FTC v. Jeremy Lee Marcus, et al.*, Case No. 17-60907-CIV-MORENO, hereby submits this Motion to Modify the Asset Freeze Order (the "Motion").

### Introduction

Previously, this Court granted the request of Emigrant Residential, LLC ("Emigrant") to secure relief from this Court's Agreed Order of Preliminary Injunction and Other Relief as to Defendants Brent Borland, Borland Capital Group, LLC, and Belize Infrastructure Fund I, LLC, and Relief Defendants Canyon Acquisitions, LLC and Alana LaTorra Borland (the "Asset Freeze

Order" or "Preliminary Injunction") [ECF No. 12] to foreclose on its secured interest in certain real property of Defendant Brent Borland and Relief Defendant Alana LaTorra Borland (collectively, the "Mortgagors"). Based upon the same law, facts, and circumstances, the Receiver now files this Motion for the limited purpose of seeking relief from this Court's Asset Freeze Order, in order to recover surplus funds deposited into the Court Registry of the Clerk of the Palm Beach County Court, from the public auction that took place in a Florida foreclosure action filed by Emigrant on property owned by the Mortgagors, and encumbered by a mortgage held by Halfpay.[1] Prior to filing this motion, the Receiver conferred with the Securities and Exchange Commission (the "SEC") who does not object to the relief sought herein.

### Factual Background

The Receiver respectfully refers the Court to the Receiver's Declaration, filed concurrently with this Motion, for the factual and procedural history relevant to the Motion.

### Legal Argument

Courts routinely grant relief from preliminary injunctions freezing assets pending the outcome of an action. *See SEC v. Smith*, No. 10-CV-457 GLS/DRH, 2011 9528138, at *2 (N.D.N.Y Feb. 1, 2011) (court modified preliminary injunction to permit the sale of property); *see also SEC v. Haligiannis*, 608. F. Supp. 2d 444, 448 (S.D.N.Y 2009) (after court modified the asset freeze order, court directed surplus sales proceeds from foreclosure sale to be distributed to claimants); *United States v. Lauer*, No. 3-06-1724 (JCH), 2008 WL 9052924, at *2 (D. Conn. Mar. 28, 2009) (receiver's motion to be paid net proceeds from sale of residence, after liens were satisfied, granted for the benefit of the allegedly defrauded investors).

---

[1] For the purposes of the relief sought, the Receiver treats this Motion as the motion the Court requested by its Order dated August 12, 2021. [ECF No. 34].

2

The jurisdiction of a court to freeze assets also provides the court jurisdiction and the authority to modify those same orders. *See Weight Watchers Int'l v. Luigino's, Inc.*, 423 F.3d 137, 141 (2d Cir. 2005) ("The decision whether to modify a preliminary injunction involves an exercise of the same discretion that a court employs in an initial decision to grant or deny a preliminary injunction."). That same authority provides this Court "board equitable discretion." *SEC v. Fischbach Corp.*, 133 F.3d 170, 175 (2d Cir. 1997); *see also SEC v. Unifund Sal*, 910 F.2d 1028, 1035 (2d Cir. 1990).

This Court should exercise its broad equitable discretion and grant the Receiver's Motion. The Receiver seeks limited relief from the Asset Freeze Order, which would permit him to petition the Florida foreclosure court for the release of the surplus funds for the benefit of the Receivership Estate, and ultimately the victims of the consumer fraud perpetrated by Jeremy Marcus and others.

As explained in the Declaration of Jonathan E. Perlman, the mortgage of HalfPay is a mortgage being a lien superior in dignity to any subsequent right, title, claim, lien, or interest arising out of the Mortgagors or their predecessors in interest, other than the promissory note and mortgage of Emigrant, which has since been extinguished through a foreclosure sale. As a secured creditor with a superior interest to the SEC and all other creditors, Halfpay should be entitled to the relief sought herein. *SEC v. Spongetech Delivery Sys., Inc.*, 98 F. Supp. 3d 530, 537 (E.D.N.Y. 2015). Accordingly, the Receiver is entitled to the surplus funds.

This Court possesses the jurisdiction to grant the Receiver the relief he seeks, and the SEC does not object to the relief sought in the Motion.

### Conclusion

Thus, for the forgoing reasons, the Receiver seeks an Order modifying this Court's Asset Freeze Order [ECF No. 12], for the limited purpose of providing the Receiver with the ability to

OK
PKC

3

petition the Florida foreclosure court for the release of the surplus funds from the public auction that are being held by the Clerk of the Palm Beach County Court in the Court Registry, and for any further relief as this Court deems just and proper. This court should exercise its broad equitable powers and grant the Receiver the relief requested for the benefit of the Receivership Estate, and ultimately the victims of the consumer fraud perpetrated by Jeremy Marcus and others, as set forth in *FTC v. Jeremy Lee Marcus, et al*, Case No. 17-60907-CIV-MORENO (S.D. Fla. May 8, 2017).

OK
PKC

Dated: August 26, 2021

                                        *s/*Juan A. Fernandez-Barquin
                                        Juan A. Fernandez-Barquin
                                        **GENOVESE JOBLOVE & BATTISTA, P.A.**
                                        Attorneys for Jonathan E. Perlman, Esq.
                                        JFbarquin@gjb-law.com
                                        100 Southeast 2nd Street, 44th Floor
                                        Miami, FL 33131
                                        Tel: (305) 349-2300
                                        Fax: (305) 349-2310

## CERTIFICATE OF SERVICE

I hereby certify that on this 26th day of August 2021, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document has been served this day on all counsel of record and entities, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

                                        *s/*Juan A. Fernandez-Barquin
                                        Juan A. Fernandez-Barquin

10675-629/75/1

4