UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| UNITED STATES SECURITIES AND EXCHANGE COMMISSION,<br><br>Plaintiff,<br><br>v.<br><br>BRENT BORLAND, BORLAND CAPITAL GROUP, LLC, and BELIZE INFRASTRUCTURE FUND I, LLC<br><br>Defendants, and<br><br>CANYON ACQUISITIONS, LLC, and ALANA LaTORRA BORLAND,<br><br>Relief Defendants. | CASE NO. 18-cv-4352 (PKC) |

**FINAL JUDGMENT AS TO DEFENDANTS BRENT BORLAND,
BORLAND CAPITAL GROUP, LLC, AND BELIZE INFRASTRUCTURE FUND I, LLC,
AND RELIEF DEFENDANT CANYON ACQUISITIONS, LLC**

The United States Securities and Exchange Commission having filed a Complaint and Defendants Brent Borland ("Defendant Borland"), Borland Capital Group, LLC, and Belize Infrastructure Fund I, LLC (the three foregoing parties are referred collectively referred to herein as "Defendants"), and Relief Defendant Canyon Acquisitions, LLC ("Relief Defendant Canyon") having entered a general appearance; consented to the Court's jurisdiction over Defendants and Relief Defendant Canyon and the subject matter of this action; consented to entry of this Final Judgment; waived findings of fact and conclusions of law; and waived any right to appeal from this Final Judgment:

1

I.

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that Defendants are permanently restrained and enjoined from violating, directly or indirectly, Section 10(b) of the Securities Exchange Act of 1934 (the "Exchange Act") [15 U.S.C. § 78j(b)] and Rule 10b-5 promulgated thereunder [17 C.F.R. § 240.10b-5], by using any means or instrumentality of interstate commerce, or of the mails, or of any facility of any national securities exchange, in connection with the purchase or sale of any security:

(a) to employ any device, scheme, or artifice to defraud;

(b) to make any untrue statement of a material fact or to omit to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading; or

(c) to engage in any act, practice, or course of business which operates or would operate as a fraud or deceit upon any person.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Final Judgment by personal service or otherwise: (a) Defendants' officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with Defendants or with anyone described in (a).

II.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendants are permanently restrained and enjoined from violating Section 17(a) of the Securities Act of 1933 (the "Securities Act") [15 U.S.C. § 77q(a)] in the offer or sale of any

security by the use of any means or instruments of transportation or communication in interstate commerce or by use of the mails, directly or indirectly:

(a) to employ any device, scheme, or artifice to defraud;

(b) to obtain money or property by means of any untrue statement of a material fact or any omission of a material fact necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading; or

(c) to engage in any transaction, practice, or course of business which operates or would operate as a fraud or deceit upon the purchaser.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Final Judgment by personal service or otherwise: (a) Defendants' officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with Defendants or with anyone described in (a).

III.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendants are permanently restrained and enjoined from, directly or indirectly, (i) soliciting any new investors or accepting additional funds from existing investors; and (ii) issuing, purchasing, offering, or selling any security; provided, however, that such injunction shall not prevent Defendant Brent Borland from purchasing or selling securities for his own personal account.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Final Judgment by personal service or otherwise: (a) Defendants'

3

officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with Defendants or with anyone described in (a).

IV.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant Borland is liable, jointly and severally with Relief Defendant Alana LaTorra Borland, for disgorgement of $6,266,843.37, representing net profits gained as a result of the conduct alleged in the Complaint, together with prejudgment interest thereon in the amount of $949,020.96, which shall be deemed satisfied by the following: (a) the Order of Restitution entered against Defendant Borland in *United States v. Borland*, Case No. 1:18-cr-487 (S.D.N.Y.) (Dkt. Entry 110); (b) the transfer of frozen funds, described herein in Section V, to the Commission; (c) Defendant Borland's and Relief Defendant Alana LaTorra Borland's consent to the Court's appointment of a Liquidation Agent to take possession of, market for sale, and sell the real property located at 43 North Haven Way, Sag Harbor, NY 11963 (the "Sag Harbor Property"); and (d) the Liquidation Agent's turnover of its net proceeds, if any, from the sale of the Sag Harbor Property to the Commission.

V.

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that within 3 days after being served with a copy of this Final Judgment, JPMorgan Chase Bank, N.A. ("JPMorgan") shall transfer the entire balance of the following JPMorgan accounts which were frozen pursuant to an Order of this Court to the Commission:

| Account Owner | Acct. Ending in: |
|---|---|
| Borland Capital Group, LLC | *5205 |
| BCG Ritz Trump, LLC | *0055 |
| BCG Ritz Trump, LLC | *8581 |

4

| BCG Bronxville, LLC | *6895 |
|---|---|
| Blueprint Strategic Management GP, LLC | *7002 |
| Alana M. LaTorra-Borland | *4700 |

JPMorgan may transmit payment electronically to the Commission, which will provide detailed ACH transfer/Fedwire instructions upon request. Payment may also be made directly from a bank account via Pay.gov through the SEC website at http://www.sec.gov/about/offices/ofm.htm. JPMorgan also may transfer these funds by certified check, bank cashier's check, or United States postal money order payable to the Securities and Exchange Commission, which shall be delivered or mailed to

> Enterprise Services Center
> Accounts Receivable Branch
> 6500 South MacArthur Boulevard
> Oklahoma City, OK 73169

and shall be accompanied by a letter identifying the case title, civil action number, and name of this Court; and specifying that payment is made pursuant to this Final Judgment.

VI.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant Borland Capital Group, LLC, Defendant Belize Infrastructure Fund I, LLC, and Relief Defendant Canyon Acquisitions, LLC are liable, jointly and severally, for disgorgement of $14,233,157, representing net profits gained as a result of the conduct alleged in the Complaint, together with prejudgment interest thereon in the amount of $2,224,712, for a total of $16,457,869. Defendant Borland Capital Group, LLC, Defendant Belize Infrastructure Fund I, LLC, and Relief Defendant Canyon Acquisitions, LLC shall satisfy this obligation by paying $16,457,869 to the Securities and Exchange Commission within 30 days after entry of this Final Judgment.

Case 1:18-cv-04352-PKC  Document 443  Filed 02/21/23  Page 6 of 8

Defendant Borland Capital Group, LLC, Defendant Belize Infrastructure Fund I, LLC, and Relief Defendant Canyon Acquisitions, LLC may transmit payment electronically to the Commission, which will provide detailed ACH transfer/Fedwire instructions upon request. Payment may also be made directly from a bank account via Pay.gov through the SEC website at http://www.sec.gov/about/offices/ofm.htm.  Defendant Borland Capital Group, LLC, Defendant Belize Infrastructure Fund I, LLC, and Relief Defendant Canyon Acquisitions, LLC may also pay by certified check, bank cashier's check, or United States postal money order payable to the Securities and Exchange Commission, which shall be delivered or mailed to

    Enterprise Services Center
    Accounts Receivable Branch
    6500 South MacArthur Boulevard
    Oklahoma City, OK 73169

and shall be accompanied by a letter identifying the case title, civil action number, and name of this Court; Defendant Borland Capital Group, LLC, Defendant Belize Infrastructure Fund I, LLC, and Relief Defendant Canyon Acquisitions, LLC as defendants in this action; and specifying that payment is made pursuant to this Final Judgment.

Defendant Borland Capital Group, LLC, Defendant Belize Infrastructure Fund I, LLC, and Relief Defendant Canyon Acquisitions, LLC shall simultaneously transmit photocopies of evidence of payment and case identifying information to the Commission's counsel in this action.  By making this payment, Defendant Borland Capital Group, LLC, Defendant Belize Infrastructure Fund I, LLC, and Relief Defendant Canyon Acquisitions, LLC relinquish all legal and equitable right, title, and interest in such funds and no part of the funds shall be returned to Defendant Borland Capital Group, LLC, Defendant Belize Infrastructure Fund I, LLC, and Relief Defendant Canyon Acquisitions, LLC.

The Commission shall hold the funds, as well as the transferred frozen funds described above (collectively, the "Fund"), until further order of this Court.  The SEC may propose a plan to distribute the Fund subject to the Court's approval, and the Court shall retain jurisdiction over the administration of any distribution of the Fund.

The Commission may enforce the Court's judgment for disgorgement and prejudgment interest by using all collection procedures authorized by law, including, but not limited to, moving for civil contempt at any time after 30 days following entry of this Final Judgment. Defendant Borland Capital Group, LLC, Defendant Belize Infrastructure Fund I, LLC, and Relief Defendant Canyon Acquisitions, LLC shall pay post judgment interest on any amounts due after 30 days of entry of this Final Judgment pursuant to 28 U.S.C. § 1961.

VII.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that the Consent is incorporated herein with the same force and effect as if fully set forth herein, and that Defendants and Relief Defendant Canyon shall comply with all of the undertakings and agreements set forth therein.

VIII.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, for purposes of exceptions to discharge set forth in Section 523 of the Bankruptcy Code, 11 U.S.C. §523, the allegations in the complaint are true and admitted by Defendants and Relief Defendant Canyon, and further, any debt for disgorgement, prejudgment interest, civil penalty or other amounts due by Defendants or Relief Defendant Canyon under this Final Judgment or any other judgment, order, consent order, decree or settlement agreement entered in connection with this proceeding, is a debt for the violation by Defendants of the federal securities laws or any regulation or order

7

issued under such laws, as set forth in Section 523(a)(19) of the Bankruptcy Code, 11 U.S.C. §523(a)(19).

IX.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that this Court shall retain jurisdiction of this matter for the purposes of enforcing the terms of this Final Judgment and the sale of the Sag Harbor Property.

Dated: May 16, 2024

UNITED STATES DISTRICT JUDGE

8