UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------------

UNITED STATES SECURITIES
AND EXCHANGE COMMISSION,

        Plaintiff,

        v.

BRENT BORLAND, BORLAND CAPITAL
GROUP, LLC, and BELIZE
INFRASTRUCTURE FUND I, LLC

        Defendants, and

CANYON ACQUISITIONS, LLC, and
ALANA LaTORRA BORLAND,

        Relief Defendants.

---------------------------------------------------------------

18-cv-4352 (PKC)

<u>ORDER RELATING TO LIENS FILED WITH THE SUFFOLK COUNTY CLERK</u>

CASTEL, Senior District Judge:

        The Court has considered the motion of the Securities and Exchange Commission ("SEC") seeking to declare certain liens purportedly held by Copper Leaf, LLC ("Copper Leaf") and McLoughlin Construction Corp. ("MCC") unenforceable as applied to 43 North Haven Way, Sag Harbor, NY.  Set forth below are the Court's findings and conclusions.

        1.     This Court granted a Temporary Restraining Order entered on May 16, 2018 (ECF 6-8), and on May 23, 2018 (ECF 12), entered a Preliminary Injunction that has not been lifted or amended by the Court since that time.  The Preliminary Injunction provided "that until a final adjudication on the merits may be made, all funds and other assets of Defendants [Brent] Borland . . . and Relief Defendants. . . Alana [La Torra Borland], are frozen."  This included the real property located at 43 North Haven Way, Sag Harbor, NY.  On May 9, 2024, this Court appointed Christopher Ritchey as Liquidation Agent for the sale of the real property at 43 North Haven Way,

Sag Harbor, NY.  (ECF 63.)

Copper Leaf

      2.      Copper Leaf was a victim of the fraud on which the SEC's claim is based in part and for which Brent Borland has been criminally prosecuted.

      3.      After the SEC commenced this action, Copper Leaf brought a civil action in this district against Brent Borland and others.  Copper Leaf , LLC v. Belize Infrastructure Fund I, LLC, 18 cv 6377 (LTS).  Brent Borland defaulted in the action and on November 14, 2018, a final judgment was entered against him in the amount of $10,235,711.93.

      4.      N.Y. CPLR § 5018(b) provides: "A transcript of the judgment of a court of the United States rendered or filed within the state may be filed in the office of the clerk of any county and upon such filing the clerk shall docket the judgment in the same manner and with the same effect as a judgment entered in the supreme court within the county."

      5.      In compliance with N.Y. CPLR § 5018(b), on March 12, 2019, Copper Leaf filed a "Transcript of Judgment" with the Suffolk County Clerk.  (ECF 52-3.)  It annexed an "Abstract of Judgment" certified by the Clerk of this Court reflecting the amount of the judgment and identifying "Brent Borland" as defendant, i.e., the judgment debtor.  A second "Transcript of Judgment," similar in form, was filed on November 10, 2020 relating to the award of attorneys' fees. (ECF 52-3.)  Upon the filing of the transcripts of judgment with the Suffolk County Clerk, they became  liens on real property owned in the name of Brent Borland, the name appearing on the transcripts of judgment.  N.Y. CPLR § 5203(a).  See In re Sterling Die Casting Co., Inc., 126 B.R. 673, 676 (Bankr. E.D.N.Y.), aff'd, 132 B.R. 99 (E.D.N.Y. 1991).

      6.      New York strictly and narrowly construes the provisions of its lien law.  In 2019 (the same year that Copper Leaf's judgment was docketed), the Appellate Division, Second Department (the same judicial department in which Suffolk County is situated), held that the

incorrect spelling of a debtor's surname meant that no valid lien was created in real property actually owned by the true debtor. Fischer v. Chabbott, 178 A.D.3d 923, 925 (2d Dep't 2019) ("Because the judgments were not docketed under the correct surname, no valid lien against Julius's interest in the subject property was created.") "A judgment is not docketed against any particular property, but solely against a name, and if that name is incorrectly set forth, a purchaser in good faith should not be the one to suffer; but rather the creditor, who should see to it that the docketing is in the correct name of the debtor, if it is to be notice to subsequent purchasers." We Buy Now, LLC v. Cadlerock Joint Venture, LP, 46 A.D.3d 549, 549 (2d Dep't (2007) (quoting Grygorewicz v. Domestic & Foreign Disc. Corp., 179 Misc. 1017, 1018 (N.Y. Sup. Ct. Kings County 1943)).

7. Title is held in the name of "Alana Marie LaTorra Borland, as Trustee of the 43 N. Haven Way Revocable Trust." (ECF 52-1 & 52-2.) The point is conceded by Copper Leaf. (ECF 60 at 3.) This is not a spelling-error case but a more foundational impediment. The listed judgment debtor is not the owner of record of the property in which Copper Leaf professes to have liens. The record owner's name does not appear at all on the transcripts of judgment. The property in which Copper Leaf now asserts a lien is not in held in the name of judgment debtor Brent Borland.

8. No valid lien was created in the real property for which "Alana Marie LaTorra Borland, as Trustee of the 43 N. Haven Way Revocable Trust" is the owner of record, i.e., 43 North Haven Way, Sag Harbor, NY.

9. In terms of the efficacy of the purported lien under New York law, it is of no moment that a private title company retained by the SEC does not list the lien in a title search of the North Haven Way property nor that a private title retained by Copper Leaf does list the lien.

10. The Court assumes the truth of Copper Leaf's claim that Brent Borland caused the

house to be placed in the name of his wife as trustee of a trust to further a fraud and that Brent Borland represented himself in the contract of sale to be the trustee of the "43 N. Haven Revocable Trust." Indeed, the Court agrees that the real property is beneficially owned by Brent Borland. But this does do not alter the fact that the civil judgment docketed in Suffolk County against Brent Borland does not operate as a lien against real property held in the name of "Alana Marie LaTorra Borland, as Trustee of the 43 N. Haven Way Revocable Trust."

11. Copper Leaf has no valid enforceable lien on the real property at 43 North Haven Way, Sag Harbor, NY.

MCC

12. MCC filed a Notice Under Mechanic's Lien Law with the Suffolk County Clerk on April 28, 2022, correctly listing the owner of the property as "Alana Marie LaTorra Borland, as Trustee of the 43 N. Haven Way Revocable Trust." (ECF 52-5.) See N.Y. Lien Law § 3.

13. The SEC's motion seeks to declare the mechanics lien void as filed in violation of this Court's injunctive decrees. MCC has not responded to the motion.

14. Under N.Y. Lien Law § 17, the lien would have expired one year after filing. MCC applied to the New York Supreme Court, Suffolk County for a one-year extension. The extension was granted for a period of one year from the date of granting of the Order, which was April 28, 2023. (ECF 52-5.)

15. By the terms of the Order entered on April 28, 2023, the mechanic's lien has expired.

16. The SEC's application does not reveal the grant of any further extension. Thus, its application is moot.

THE COURT HEREBY ORDERS AND DECLARES that:

1,      Copper Leaf, LLC has no valid enforceable lien encumbering 43 North Haven Way, Sag Harbor, NY;

2.      McLoughlin Construction Corp.'s Suffolk County, New York lien encumbering 43 North Haven Way, Sag Harbor, NY has expired insofar as the SEC's application reveals and accordingly its application regarding the MCC lien is moot.

3.      The SEC may file a copy of this Order with Suffolk County, New York Registrar-Recorder/County Clerk; and

4.      The Court will retain jurisdiction of this matter for all purposes.

SO ORDERED.

New York, New York
August 30, 2024

_____
P. Kevin Castel
United States District Judge