UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| UNITED STATES SECURITIES AND EXCHANGE COMMISSION, <br><br>         Plaintiff, <br><br>   v. <br><br> BRENT BORLAND, *et al.*, <br><br>         Defendants, and <br><br> ALANA LATORRA BORLAND, *et al.*, <br><br>         Relief Defendants. | Case No. 18-cv-4352 (PKC) |

**REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF
COPPER LEAF, LLC'S MOTION FOR RECONSIDERATION**

Copper Leaf, LLC ("Copper Leaf"), a non-party judgment lienholder, by and through its undersigned counsel, hereby files this reply memorandum of law in further support of Copper Leaf's Motion for Reconsideration (the "Motion") [ECF Nos. 72, 73] pursuant to Local Rule 6.3 and in response to the Securities and Exchange Commission's (the "SEC") Response in Opposition to Copper Leaf's Motion for Reconsideration of the Order Relating to Liens Filed with the Suffolk County Clerk (the "Opposition" or "Opp.") [ECF No. 74].[1]

---

[1] Capitalized terms not defined herein have the meaning ascribed to them in the Memorandum of Law in Support of Copper Leaf's Motion for Reconsideration (the "Moving Brief."). [ECF No. 73.]

1

## LEGAL ARGUMENT

### I. THE COURT SHOULD GRANT COPPER LEAF'S MOTION BECAUSE IT HOLDS A VALID JUDGMENT LIEN AGAINST THE PROPERTY

A motion for reconsideration under Local Rule 6.3 "provides the Court with an opportunity to correct manifest errors of law or fact." *U.S. Titan, Inc. v. Guangzhou Men Hua Shipping Co., Ltd.*, 182 F.R.D. 97, 100 (S.D.N.Y. 1998). Contrary to the SEC's assertions, Copper Leaf satisfies the grounds for reconsideration because the Court's ruling that Copper Leaf "has no valid enforceable lien on the [Property]" was an error of law and fact. August 30th Order at 5.

The issue before the Court is not whether Copper Leaf's judgment properly named the purported owner of the Property. Rather, the issue here is whether Copper Leaf's judgment lien attached to the Property by virtue of Brent Borland's ("Brent") beneficial ownership interest in the Property.

It is undisputed that Copper Leaf docketed its judgment against Brent in Suffolk County. In paragraph 5 of the August 30th Order, the Court held that "[u]pon the filing of the transcripts of judgment with the Suffolk County Clerk, they became liens ***on real property owned in the name of Brent Borland***, the name appearing on the transcripts of judgment." (emphasis added.) However, under long-standing and well-settled New York law, a judgment lien extends to ***any interest*** of a judgment debtor in real property, even if the real property at issue is not held in the name of the judgment debtor. *See In re Luftman*, 245 F.Supp. 723, 724-725 (S.D.N.Y. 1965) ("Under New York law, docketing a money judgment with the county clerk creates a lien on all real property located in that county in which the judgment debtor has an interest . . . the law gives him a lien immediately upon docketing, treating a fraudulent transfer prior thereto as void

2

ab initio and correspondingly burdening the title conveyed to anyone not an innocent purchaser for value."); *accord Chautauque Cnty. Bank v. Risley*, 5 E.P. Smith 369 (1859); *White's Bank of Buffalo v. Farthing*, 101 N.Y. 244 (1886); *Smith v. Reid*, 89 Sickels 568, 577 (1892); *see also Feuer v. Schaller*, 115 Misc. 229 (1921) ("[W]hile section 1251 of the Civil Code provides that a judgment is a lien on real property 'which the judgment debtor has' at the time it is docketed, a conveyance made prior to its docket in fraud of the debtor's creditors is void under section 263 of the Real Property Law . . . , and hence the lien of the judgment would attach notwithstanding such conveyance."); *In re Lawson*, 18 B.R. 384, 387 (W.D.N.Y. 1982) ("New York courts have ruled similarly that the lien attaches at the time of docketing regardless of the fact that title to the property is facially lodged elsewhere."); *In re Faraldi*, 286 B.R. 498, 503 (E.D.N.Y. 2002) ("Under New York law, fraudulent transfers are void, not voidable . . . New York law provides that the docketing of a judgment perfects the security interest in the Real Property, even if the transfer was made before the docketing of the judgment."). The foregoing cases ruled that a judgment creditor's lien extends to real property fraudulently conveyed by a judgment debtor *before* the judgment was docketed, *even if the real property is held in the name of another at the time the judgment is docketed*. The courts reached this conclusion based on the judgment creditor's right to treat the fraudulent conveyance as void. The facts of this case present an even stronger rationale for application of this rule because the Court has already found that Brent is the beneficial owner of the Property.

Thus, contrary to the Court's ruling, the scope of Copper Leaf's judgment lien is not limited to only real property "owned in the name of Brent Borland." Rather, Copper Leaf's judgment lien extends to *any interest* of Brent in real property located in Suffolk County, even if

such real property is held in the name of another party. Accordingly, the Court's finding that the Property is "beneficially owned by Brent Borland" results in the incontrovertible legal conclusion that Copper Leaf's judgment lien attached to the Property through Brent's beneficial ownership interest.

The case law cited by the Court in the August 30th Order and in the SEC's Opposition is inapposite. Whether a judgment properly names the owner of real property is an issue that arises where a purchaser or transferee has taken title to property after docketing of the judgment. The SEC does not claim to be a subsequent purchaser or transferee and has no standing to challenge Copper Leaf's judgment lien as such.

The holdings of *Fischer* and *We Buy Now* address the priority of judgment creditors' liens vis-à-vis subsequent transferees (*Fischer*) and subsequent purchasers (*We Buy Now*) of real property. *Fischer v. Chabott*, 178 A.D.3d 923, 924-925 (2d Dep't 2019); *We Buy Now, LLC v. Cadlerock Joint Venture, LP*, 46 A.D.3d 549, 550 (2d Dep't 2007). Both cases are distinguishable from the present case because the SEC is not a subsequent transferee or purchaser of the Property and Copper Leaf is not seeking to establish the priority of its judgment lien against a subsequent purchaser or transferee of the Property.

The two cases cited by the SEC in its Opposition also have no application here. Like *We Buy Now*, the *Smith* case addresses the priority of "a judgment creditor over subsequent transferees." *Smith v. Ralph Dinapoli Landscaping, Inc.*, 111 A.D.3d 841, 842 (2d Dep't 2013). The *Madison* case is wholly distinguishable as it relates to the application of Lien Law § 9 to a

4

mechanic's lien, without any analysis of a judgment lien.  *See generally In re Madison 96 Associates, LLC*, No. 116388/08, 2009 WL 2587518 (Sup. Ct., N.Y. Cnty. Aug. 10, 2009).[2]

## II. COPPER LEAF'S RECORDATION OF THE JUDGMENT LIEN AGAINST THE PROPERTY DID NOT VIOLATE THE COURT'S ASSET FREEZE

Recognizing that Copper Leaf identifies grounds for the Court to grant reconsideration, the SEC also contends the Court should deny the Motion because Copper Leaf's judgment lien was recorded in violation of the Court's asset freeze.  (Opp. at 8-10.)  The August 30th Order did not find that Copper Leaf recorded its judgment lien in violation of the Court's asset freeze.  If the SEC believed the Court neglected to consider whether Copper Leaf's recording of the judgment lien violated the asset freeze, it should have moved for reconsideration.  It did not. Accordingly, the Court should disregard the SEC's argument.

Further, and in any event, Copper Leaf did not violate the asset freeze for the reasons set forth previously in its Response Memorandum of Law in Opposition to the SEC's Motion to Invalidate Copper Leaf's Recorded Judgment Lien Against Brent Borland.  [ECF No. 56.]

Therefore, the Court should reject the SEC's claim that Copper Leaf violated the asset freeze.

## <u>CONCLUSION</u>

For the foregoing reasons, and those in the Moving Brief, the Court should grant Copper Leaf's Motion for Reconsideration and issue an order recognizing Copper Leaf's judgment lien on the Property.

---

[2] *Kunin*, a third "case" cited by the SEC in its Opposition, is not a court decision but rather a memorandum of law filed by a defendant.  The *Kunin* brief—not a court decision—also addresses the priority of a judgment creditor in relation to a subsequent purchaser.  Brief for Defendant, Xifeng Zhang, *Kunin v. Guttman*, No. 502725/2015, 2017 NYS. Ct. Motions LEXIS 72377, at *11 (Sup. Ct., Kings Cnty. Feb. 17, 2017).

Dated: New York, New York
       September 25, 2024

**McCarter & English, LLP**

By: _/s/ Gregory J. Mascitti_
    Gregory J. Mascitti, Esq.
    Adam M. Swanson, Esq.
    Phillip S. Pavlick, Esq.
    250 W. 55th Street, 13th Floor
    New York, NY 10019
    (212) 609-6800
    gmascitti@mccarter.com
    aswanson@mccarter.com
    ppavlick@mccarter.com

    _Attorneys for Copper Leaf, LLC_

ME1 50166062v.1

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on September 25, 2024, I electronically filed the Reply Memorandum of Law in Further Support of Copper Leaf, LLC's Motion for Reconsideration using the CM/ECF system, which will send notification of such filing to the parties of record.

*/s/ Gregory J. Mascitti*

Gregory J. Mascitti

7