UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

UNITED STATES SECURITIES
AND EXCHANGE COMMISSION,

    Plaintiff,

    v.

BRENT BORLAND, BORLAND CAPITAL
GROUP, LLC, and BELIZE
INFRASTRUCTURE FUND I, LLC

    Defendants, and

CANYON ACQUISITIONS, LLC, and
ALANA LaTORRA BORLAND,

    Relief Defendants.

18-cv-4352 (PKC)

---

### ORDER DENYING RECONSIDERATION OF ORDER RELATING TO LIENS FILED WITH THE SUFFOLK COUNTY CLERK

CASTEL, Senior District Judge:

Copper Leaf, LLC ("Copper Leaf") has timely moved for reconsideration of the Court's Order of August 30, 2024. (ECF 72.) It argues that because it is a judgment creditor of Brent Borland, who has registered its judgment with the County Clerk of Suffolk County, and Brent Borland has an unrecorded beneficial interest in certain real property in Sag Harbor, Suffolk County, it has a valid lien in that property.

Copper Leaf's position is unsupported by New York law, which is premised upon its real property recording system. Copper Leaf does not dispute that title to the property is held by "Alana Marie LaTorra Borland, as Trustee of the 43 N. Haven Way Revocable Trust" and that the judgment in its favor is in the name of "Brent Borland." The Court adheres to its conclusion that "[n]o valid lien was created [by Copper Leaf] in the real property for which 'Alana Marie LaTorra

Borland, as Trustee of the 43 N. Haven Way Revocable Trust' is the owner of record, i.e., 43 North Haven Way, Sag Harbor, NY."  (ECF 71 ¶ 8.)

Insofar as the record before this Court demonstrates, Copper Leaf obtained a valid and enforceable judgment against Brent Borland in this District.  Copper Leaf , LLC v. Brent Borland, et al., 18 cv 6377 (LTS).  In accordance with the provision of N.Y. CPLR § 5018(b), Copper Leaf duly filed a transcript of the judgment with the County Clerk of Suffolk County on March 12, 2019, and an updated transcript of judgment on November 10, 2020.  (ECF 52-3.)  In accordance with New York law, upon filing the judgments with the County Clerk, they became liens against real property in the County held in title by Brent Borland.  (ECF 71 ¶ 5.)  They did not become a lien in property held in the name of "Alana Marie LaTorra Borland, as Trustee of the 43 N. Haven Way Revocable Trust."

The Appellate Division, Second Department, has explained how New York's lien law works:  "A judgment is not docketed against any particular property, but solely against a name, and if that name is incorrectly set forth, a purchaser in good faith should not be the one to suffer; but rather the creditor, who should see to it that the docketing is in the correct name of the debtor, if it is to be notice to subsequent purchasers."  We Buy Now, LLC v. Cadlerock Joint Venture, LP, 46 A.D.3d 549, 549 (2d Dep't 2007) (quoting Grygorewicz v. Domestic & Foreign Disc. Corp., 179 Misc. 1017, 1018 (N.Y. Sup. Ct. Kings County 1943)).

The Court assumes for the purpose of this discussion that Copper Leaf could establish that the transfer of the property to the trust was a fraudulent conveyance or that Brent Borland is the true beneficial owner of the property.  It does not change the result.  Copper Leaf may be able to proceed against the trustee and obtain a valid judgment against "Alana Marie LaTorra Borland, as Trustee of the 43 N. Haven Way Revocable Trust" and when such a judgment is recorded it would then become be a lien on property owned by "Alana Marie LaTorra Borland,

as Trustee of the 43 N. Haven Way Revocable Trust."

Title was transferred to the trust on September 6, 2017 (ECF 52-1), before Copper Leaf filed suit against Brent Borland and before it registered its judgment with the County Clerk on March 12, 2019. So far as the record before this Court appears, Copper Leaf has not asserted a fraudulent conveyance claim or any other type of claim against "Alana Marie LaTorra Borland, as Trustee of the 43 N. Haven Way Revocable Trust." Copper Leaf brought the action leading to the judgment against Brent Borland, a second individual and a Florida-based limited liability company. Neither Alana Borland nor the trust was named in that action.

Copper Leaf endeavors to thread the needle by drawing a distinction between the right to enforce the lien against a purchaser versus enforcing it against Brent Borland. But the Liquidating Agent has an offer to purchase the property for which it seeks judicial approval. Inherent in Copper Leaf's argument is the assertion of priority over the rights of a subsequent purchaser for value. This would appear to throw New York lien law on its head. See Fischer v. Chabbott, 178 A.D.3d 923, 925 (2d Dep't 2019) ("Because the judgments were not docketed under the correct surname, no valid lien against Julius's interest in the subject property was created."). Notably, Fisher was a direct but unsuccessful attempt by the judgment creditor to assert the lien against the judgement debtor. See also Smith v. Ralph Dinapoli Landscaping, Inc., 111 A.D.3d 841, 842 (2d Dep't 2013) ("[T]he petitioners' submissions demonstrated that the judgment obtained by the appellant was not docketed under the correct surname of a title owner of the subject property. Therefore, no valid lien against the subject real property was created."). Of course, Copper Leaf's defect is a more fundamental than a misspelling. It obtained a good, valid judgment against Brent Borland but not against the titleholder, "Alana Marie LaTorra Borland, as Trustee of the 43 N. Haven Way Revocable Trust."

The Court acknowledges dictum in In re Luftman, 245 F. Supp. 723, 724-25

(S.D.N.Y. 1965), arguably supportive of Copper Leaf's claim, including the statement that "[u]nder New York law, docketing a money judgment with the county clerk creates a lien on all real property located in that county in which the judgment debtor <u>has an interest</u>." (emphasis added.) But the facts of the case do not support the Copper Leaf's overreading of New York law. In <u>Luftman</u>, the judgment debtor fraudulently conveyed the property to his mother. <u>Id.</u> at 724. One of two judgment creditors was successful in setting aside the fraudulent transfer, which now meant the property was owned by the prior record title owner, the judgment debtor. <u>Id.</u> The Court concluded that because a previously docketed judgment would be a lien on later obtained property, this judgment creditor had a valid lien against property owned by the judgment debtor once the fraudulent sale was set aside. <u>Id.</u> at 724-25. The second judgment creditor also relied upon his recorded judgment that preceded the fraudulent conveyance. <u>Id.</u> The Court's unremarkable holding was that the first judgment debtor had priority over the second judgment debtor. <u>Id.</u>

The Court adheres to its Order of August 30, 2024, and, in particular, to its conclusion that "Copper Leaf has no valid enforceable lien on the real property at 43 North Haven Way, Sag Harbor, NY." (ECF 71 ¶ 11.)

The motion for reconsideration is DENIED.

SO ORDERED.

New York, New York
October 2, 2024

_____
P. Kevin Castel
United States District Judge